IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, </br>CENTRAL LABORERS' ANNUITY FUND, </br>CENTRAL LABORERS' WELFARE FUND, </br>ILLINOIS LABORERS' & CONTRACTING </br>TRAINING TRUST FUND, CENTRAL </br>ILLINOIS LABORERS'-EMPLOYERS' </br>COOPERATION EDUCATION TRUST (LECET), </br>AGCI INDUSTRY ADVANCEMENT FUND, </br>SOUTH CENTRAL VACATION FUND, </br>CENTRAL ILLINOIS WORK DUES, </br>CENTRAL ILLINOIS BUILDING CHECKOFF </br>FUND and LABORERS' LOCAL 477, </br></br>    Plaintiffs, </br></br>-vs- </br></br>CONCRETE CONTRACTING SOLUTIONS </br>CONCRETE INK LLC </br></br>    Defendant. | ) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) Case No. </br>) </br>) </br>) </br>) </br>) |

**COMPLAINT**

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendants, CONCRETE CONTRACTING SOLUTIONS and CONCRETE INK LLC and allege as follows.

**Count I - Concrete Contracting Solutions**

1.      This is a civil action to recover employer contributions or payments owed to the Plaintiffs pursuant to the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et. seq*.

1

2. Because this is an action to recover contributions and other monetary awards pursuant to Sections 1132(g)(2) and 1145 of ERISA ( 29 U.S.C. 1132(g)(2) and 29 U.S.C. 1145), this Court has jurisdiction over this matter pursuant to 29 U.S.C. 1132(e)(1).

3. Plaintiffs are employee benefit funds, labor organizations, labor-management committees and/or funds established pursuant to collective bargaining agreements between the Laborers' International Union of North America ("Union") and certain employer associations whose employees perform work covered by the collective bargaining agreements.

4. Those Plaintiffs, that are employee benefit funds, are administered pursuant to the terms and provisions of Declarations of Trusts creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §1001 *et. seq.*

5. Pursuant to written agreements, the Central Laborers' Pension Fund is the collection agent for the other named Plaintiffs.

6. Pursuant to 29 U.S.C. 1132(e)(2), venue is proper in this Court as the administrative office for the Central Laborers' Pension Fund is located in Jacksonville, Illinois and Morgan County, which is within the Central District's boundaries.

7. The Defendant, Concrete Contracting Solutions is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5) and (12).

8. The Illinois Secretary of State Corporation Search website does not show Concrete Contracting Solutions as a corporation registered with the Illinois Secretary of State.

9. The Illinois Secretary of State Corporation Search website does not show Concrete Contracting Solutions as a foreign corporation authorized to do business in Illinois.

10. Based on the absence of any formal corporate registration in Illinois, the

Defendant has been operating as a partnership.

11. Based on information and belief, the Defendant is jointly owned and operated on a daily basis by three individuals: David Barrow, Mike Brahler, and Gerald VondeBur.

12. On February 2, 2015, the Defendant signed a Memorandum of Agreement that bound it to a collective bargaining agreement executed between the Southern and Central Illinois Laborers' District Council and the Central Illinois Builders of AGC.   Exhibit 1.

13. The collective bargaining agreement (CBA) bound the Defendant to any extensions or subsequent agreements executed between the District Council and the Central Illinois Builders unless proper notice of revocation was provided. Exhibit 1, P.32.

14. Concrete Contracting Solutions has never notified the District Council of a request for revocation.

15. The CBA required Concrete Contracting Solutions to pay fringe benefits, dues. and assessments to the Plaintiffs. Exhibit 1, PP 10-11.

16. Pursuant to ERISA, 29 U.S.C. 1145, t Concrete Contracting Solutions was required to make contributions to Plaintiffs in accordance with the terms and conditions of the CBA.

17. Concrete Contracting Solutions signed and submitted remittance report forms to the Central Laborers' Pension Fund for January 2016 and for the period of August 2016 through September 2018. Exhibit 2.

18. Only one of the remittance reports, for January 2016, showed contributions due and owing, and which was accompanied by payment. Exhibit 2 and Exhibit 3.

19. Concrete Contracting Solutions' remittance report forms submitted for August 2016 through September 2018 reported no hours worked and no amounts due. Exhibit 2.

20. The remittance report form for January 2016 was signed by David Barrow who identified himself as the "owner" of Concrete Contracting Solutions. Exhibit 2.

21. The remittance report forms for August 2016 through September 2018 were signed by Gerald VondeBur, who identified himself as the "CFO" of Concrete Contracting Solutions. Exhibit 2.

22. By signing the remittance report forms, the Defendant agreed to be bound by the applicable Trust Agreements for the Plaintiffs. Those Agreements, in pertinent part, are attached hereto and incorporated herein as Exhibits 4-7.

23. Pursuant to the Declarations of Trusts, Plaintiffs are authorized and empowered to examine the payroll books and records of the Defendant to determine whether the Defendant has paid all fringe benefit contributions, dues and assessments required under the CBA.

WHEREFORE, Plaintiffs pray as follows:

A. That an account be taken by the Plaintiffs for the period from February 2, 2015 through current, as to wages received and hours worked by Defendant's employees to determine amounts required to be paid by Concrete Contracting Solutions;

B. That Concrete Contracting Solutions be ordered to pay to the Plaintiffs all such monies determined to be due, audit costs, liquidated damages and interest and statutory remedies, for all contributions due and owing at the time Judgment is entered;

C. That Concrete Contracting Solutions be specifically required to perform and continue to perform all its obligations to Plaintiffs;

D. That Concrete Contracting Solutions be ordered to pay Plaintiffs its reasonable attorney fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2), and the respective Declarations of Trust;

E.	That Concrete Contracting Solutions be ordered to pay all costs attendant to these proceedings; and

F.	That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Concrete Contracting Solutions' cost.

## Count II - Concrete Ink LLC

1.	This is a civil action to recover employer contributions or payments owed to the Plaintiffs pursuant to the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et. seq*.

2.	Because this is an action to recover contributions and other monetary awards pursuant to Sections 1132(g)(2) and 1145 of ERISA ( 29 U.S.C. 1132(g)(2) and 29 U.S.C. 1145), this Court has jurisdiction over this matter pursuant to 29 U.S.C. 1132(e)(1).

3.	 Plaintiffs are employee benefit funds, labor organizations, labor-management committees and/or funds established pursuant to collective bargaining agreements between the Laborers' International Union of North America ("Union") and certain employer associations whose employees perform work covered by the collective bargaining agreements.

4.	Those Plaintiffs, that are employee benefit funds, are administered pursuant to the terms and provisions of Declarations of Trusts creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §1001 *et. seq.*

5.	Pursuant to written agreements, the Central Laborers' Pension Fund is the collection agent for the other named Plaintiffs.

6.	Pursuant to 29 U.S.C. 1132(e)(2), venue is proper in this Court as the

administrative office for the Central Laborers' Pension Fund is located in Jacksonville, Illinois and Morgan County, which is within the Central District's boundaries.

7. The Defendant, Concrete Ink LLC is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5) and (12).

8. The Illinois Secretary of State Corporation Search website shows Concrete Ink filed its corporation registration documents with the Illinois Secretary of State on June 11, 2015. Exhibit 8.

9. The Illinois Secretary of State Corporation Search website shows Concrete Ink has three managers: David Barrow, Mike Brahler, and Gerald VondeBur.

10. David Barrow, Mike Brahler, and Gerald VondeBur are also the partners in Concrete Contracting Solutions.

11. Concrete Ink's business location is 3419 Chatham Road, Springfield, Illinois 62704.

12. Concrete Contracting Solutions' business address is 3419 Chatham Road, Springfield, Illinois 62704.

13. Concrete Ink and Concrete Contracting Solutions have the same business purpose as they perform the same work including grinding of existing floors or platforms, refinishing their surfaces, and installing floor coatings or coverings.

14. Concrete Ink and Concrete Contracting Solutions have the same management team and assignments as Gerald VondeBur performs the administrative tasks, such as preparing invoices and writing checks, for both companies, David Barrow performs estimating and scheduling tasks for both companies, and Mike Brahler provides project management on job sites for both companies.

15. Concrete Ink and Concrete Contracting Solutions have the same customer base as both perform commercial projects and residential projects .

16. Based on information and belief, Concrete Contracting Solutions and Concrete Ink have used the same equipment to provide the same services.

17. The work related to the services described in Paragraph 13 is work covered under the collective bargaining agreement signed by Concrete Contracting Solutions and such work is performed by the group of construction workers known as laborers.

18. Concrete Ink has never signed a collective bargaining agreement.

19. In connection with a remittance report form submitted by Concrete Contracting Solutions for work performed in January 2016, the amounts that Concrete Contracting Solutions showed as due and owing were paid by a check from an account titled "David Barrow dba Concrete Ink."   Exhibit 3.

20. After Laborers' Local 477 filed a grievance against Concrete Contracting Solutions in August 2017, and a grievance panel found that Concrete Contracting Solutions had not complied with the applicable CBA, the related fine against Concrete Contracting Solutions was paid with a check drawn off a Concrete Ink bank account. Exhibit 9.

21. As illustrated by the checks presented in Exhibits 3 and 9, in which Concrete Ink paid expenses for Concrete Contracting Solutions, the principals of Concrete Ink and Concrete Contracting Solutions, who include David Barrow, Mike Brahler, and Gerald VondeBur, have treated Concrete Ink and Concrete Contracting Solutions as one and the same and without separate identities.

22. Concrete Contracting Solutions Concrete Ink was created for the purpose of avoiding Concrete Contracting Solutions' contractual obligations of the collective bargaining

agreement signed by Concrete Contracting Solutions in February 2015.

23. Concrete Contracting Solutions and Concrete Ink have purposefully avoided the contractual obligations of the collective bargaining agreement signed by Concrete Contracting Solutions by using the company name of Concrete Ink to perform commercial projects.

24. Accordingly, Concrete Ink should be liable, as the alter ego of Concrete Contracting Solutions, for dues, assessments, and fringe benefit contributions related to work performed under the name of Concrete Ink which is work covered under the CBA signed by Concrete Contracting Solutions.

WHEREFORE, Plaintiffs pray as follows:

A. That an account be taken by the Plaintiffs for the period from February 2, 2015 through current, as to wages received and hours worked by Concrete Ink's employees to determine amounts required to be paid by Concrete Ink to the Plaintiffs;

B. That Concrete Ink be ordered to pay to the Plaintiffs all such monies determined to be due, audit costs, liquidated damages and interest and statutory remedies, for all contributions due and owing at the time Judgment is entered;

C. That Concrete Ink be required to pay dues, assessments, and fringe benefit contributions for all future work covered under the collective bargaining agreement signed by Concrete Contracting Solutions;

D. That Concrete Ink be ordered to pay Plaintiffs its reasonable attorney fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2), and the respective Declarations of Trust;

E. That Concrete Ink be ordered to pay all costs attendant to these proceedings; and

F. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Concrete Ink's cost.

CENTRAL LABORERS' PENSION FUND, *et al.*,
Plaintiffs,


By: _____s/ John A. Wolters_____
JOHN A. WOLTERS
**CAVANAGH & O'HARA LLP**
2319 W. Jefferson Street
Springfield, IL 62702
Telephone (217) 544-1771
Fax (217) 544-9894
johnwolters@cavanagh-ohara.com